JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VACANT LAND LOCATED IN RANCHO CUCAMONGA, CALIFORNIA,<br><br>Defendant.<br><br>THE HARRIS GROUP III, LP, and THE HARRIS GROUP, LP,<br><br>Titleholders. | NO. EDCV 17-1029-MWF (RAOx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

Plaintiff and potential claimants Foothill Haven, LP, The Harris Group III, LP, and The Harris Group, LP ("Claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES:**

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Claimant Foothill Haven, LP, has filed a claim in this case, but not an answer. However, Foothill Haven, LP would have filed an answer in this case absent this agreement. The Harris Group III, LP, and The Harris Group, LP claim an interest in the defendant property, but have not filed claims in this case or answered the complaint. However, The Harris Group III, LP, and The Harris Group, LP would have filed claims and answers in this case absent this agreement. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant property. Any potential claimants to the defendant property other than Foothill Haven, LP, The Harris Group III, LP, and The Harris Group, LP are deemed to have admitted the allegations of the complaint with respect to the defendant property.

2. The United States of America shall have judgment as to the defendant property, and, other than those interests recognized herein, no other person or entity shall have any

right, title or interest therein. The legal description of the
defendant property is as follows:

- Assessor Parcel Number 0208-331-40: Lot 2 Dist:07 City
    Rancho Cucamonga TR No. 16179, Lot 2 Book 301 Page 34;
    and
- Assessor Parcel Number 0208-331-47: Lot 4 District 07
    City Rancho Cucamonga Tract Map No. 16179, Lots 3 and
    4 Excepting therefrom the following: Beginning at the
    Northeasterly-most corner of said lot4.

3. The Government is hereby authorized to remove any occupants or personal property remaining on defendant property thirty days after giving written notice to any occupants of defendant property without further order of the Court. The United States shall thereafter sell the property.

4. The proceeds of the sale shall be distributed in the following priority, to the extent proceeds are available:

   a. To the Government for its actual and reasonable costs and expenses of the sale;

   b. To the San Bernardino County Assessor and Tax Collector of all unpaid real property taxes assessed against defendant property to the date of entry of the Judgment of Forfeiture;

   c. To Foothill Haven, LP as follows:

      i. All unpaid principal, interest and late-payment penalties due under the Promissory Note which is secured by the Deed of Trust recorded as Instrument No. 2015-0063276 against defendant property identifying Foothill Haven, LP as the

beneficiary, as of the date of the closing with respect to the Government's sale of defendant property. Foothill Haven, LP will keep internal records of the amount owed and will submit the final amount due to the Government after the sale is completed; and

        ii.    All other fees, costs and advances as provided under the terms of the Note and Deed of Trust as of the date of the closing with respect to the Government's sale of defendant property. These fees, costs and advances include, but are not limited to, fees, advances or costs related to any foreclosure proceedings, for property taxes, insurance (including for hazard insurance), and reasonable attorney fees and costs incurred in protecting Foothill Haven, LP's security interest; and

    d.    The balance shall be paid and forfeited to the Government, and such funds shall be disposed of according to law.

    4.    Foothill Haven, LP reserves the right to renew its previously filed Motion to Proceed with Foreclosure Sale if it believes the Government is delaying the sale or otherwise failing to act in good faith with respect to Foothill Haven, LP's concerns.

    5.    If the Government decides to accept an offer to buy the defendant property for $3.5 million or less, it will provide Foothill Haven, LP with the opportunity to outbid this purchase amount. Should the Government receive an offer to purchase the property for more than $3.5 million, Foothill Haven, LP will not

have this right.

6. During the Government's sale of the property, counsel for the parties shall meet and confer regarding the progress in marketing and selling the defendant property.

7. Foothill Haven, LP, The Harris Group III, LP, and The Harris Group, LP have released the Government, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Foothill Haven, LP, The Harris Group III, LP, and The Harris Group, LP and/or its members, shareholders or partners, whether pursuant to 28 U.S.C. section 2465 or otherwise. Foothill Haven, LP, The Harris Group III, LP, and The Harris Group, LP have waived any rights they may have to seek remission or mitigation of the forfeiture. Nothing in this Stipulation for Consent Judgment or the proposed Consent Judgment is intended as, nor should anything in this Stipulation for Consent Judgment or the proposed Consent Judgment be interpreted as an admission by Foothill Haven, LP, The Harris Group III, LP, or The Harris Group, LP of any liability or wrongdoing.

//

//

8. The court finds that there was reasonable cause for the institution of these proceedings pursuant to 28 U.S.C. § 2465. This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

DATED: December 1, 2017

_____
THE HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE